McDuffie, et al. *v.* Mississippi State Highway Commission

No. 41579          November 7, 1960          124 So. 2d 284

*George D. Maxey, Deavours & Hilbun,* Laurel, for appellants.

*Matthew Harper, Jr.,* Asst. Atty. Gen., Jackson; *Welch, Gibbes & Graves, Boyd & Holifield,* Laurel, for appellee.

McElroy, J.

The Mississippi State Highway Commission, through the Attorney General of the State of Mississippi, filed a petition in the County Court for the First Judicial District of Jones County, Mississippi, against Joe F. McDuffie and his wife, Mildred McDuffie, owners, seek-

ing to condemn one parcel of land for an easement, comprising a total of 11.07 acres, more or less, for public purposes in the construction of a segment of U. S. Highway No. 11, Interstate, as ordered by said Commission on a previous date. The proceedings were instituted by the State Highway Commission for a right of easement 300 feet wide running from a northeasterly to a southwesterly direction through the top forty-acre tract of two forty-acre tracts owned by the McDuffies. Approximately nine acres of the northwest corner of the north forty-acre tract is being cut off by the non-access interstate highway and a gravel road which ran through the top forty-acre tract is being closed. The appellants home is on the east side of the interstate highway and his access to the east is not interfered with. The appellants, McDuffies, lose 11.07 acres, except the oil, gas and minerals that may be under it, and largely lose the use of approximately nine acres because of non-access. The trial in the county court resulted in a jury award in favor of the appellants in the amount of $10,000. At the time of the trial the major part of the pasture was in broom sage and was classed as a poor type for grazing, and it had not been seeded or developed for grazing purposes.

This land is located about one and one-half miles northwest of the Town of Moselle. The land consists of two forty-acre tracts which lie north and south of each other. In the main the case involves the north forty. Approximately twenty-five acres are a flat pasture, the remaining fifty-five acres are in timberland. The present U. S. Highway No. 11 runs northeasterly and southwesterly about one mile from the east side of the McDuffie land. The county gravel road, or local road, runs through the northerly part of the north forty, in a generally east, west direction, and connects the McDuffie tract with Moselle on the east, and a network of local roads on the west near Leaf River. This gravel road will be closed by the right-of-way of the new high-

way at the east and west extremities. The McDuffie farm residence is located in the northeasterly part of the north forty, north of the gravel road and east of the east right-of-way line of the new highway. None of the described buildings will be taken by the condemnor. The twenty-five-acre pasture is located south of the gravel road in the north forty. The south forty and the fifteen acres north of the gravel road in the north forty, except for the area immediately around the building, is timberland. There are some large trees but most of the timber is small and is classified as pulpwood.

The appellee, Mississippi State Highway Commission, filed a motion for a new trial, which motion was overruled by the county court. Feeling aggrieved thereby, the appellee prosecuted an appeal to the circuit court of the First Judicial District of Jones County, Mississippi, and there the circuit judge issued an opinion and an order wherein the appellant was ordered to enter a remittitur in the amount of $3,500 so as to make the total award $6,500, and if said remittitur were not entered within ten days, the order of the county court overruling the motion for a new trial would be reversed, otherwise the judgment would be affirmed. The appellants here, Joe F. McDuffie and others, failed to enter a remittitur within the time required by the order of the circuit court. Hence this appeal to the Supreme Court.

The appellants assign as error one ground, to wit: The verdict of the jury and the judgment of the county court was supported by the evidence and the circuit court erred in ordering a remittitur or a new trial. The appellees argue that the verdict of the jury is not in accord with the law and the evidence, was contrary to the weight of the law and evidence, that the verdict of the jury is so excessive as to denote bias, prejudice and passion of the jury, and objected to the competency of a certain witness.

The points raised in this case are mainly governed by the case of Mississippi State Highway Commission v. Claude E. Stubbs, et ux, No. 41,568, this day decided. I quote from Chief Justice McGehee's opinion, as follows: "It may be that the witness for the appellees was technically competent to testify as to the land values under the decisions in the cases of Board of Levee Commissioners v. Hendricks, 77 Miss. 483, 27 So. 613, and Board of Levee Commissioners v. Nelms, 82 Miss. 416, 34 So. 149, but we are of the opinion that his testimony had little, or no, probative value."

The appellee introduced two witnesses as to the before and after value of appellants property and resultant damages to appellants by virtue of the taking. One witness testified that the value of the McDuffie property before the taking was $12,000, that the value of the property after the taking was $9,750, and that the difference or damages to appellants was $2,250. The second witness for the appellee testified that the value of the tract before the taking was $12,650, that the value after the taking was $10,450, and that the difference or damages to appellants was $2,200. The appellants' witness testified that the before-value of the property was $30,900, the after-value of the property was $20,300, and the damages to the property was $10,600. The damages caused by the taking, in the opinion of the appellants' witness, was almost five times as great as the damages testified to by appellee's witness. The appellants valuation of all of the property before the taking was two and one-half times greater than the before-taking value of the appellee's witnesses. Such disparity in value could only have bias and prejudice for the jury in their duty of reaching a fair valuation. The disparity is shocking to the enlightened conscience.

Consequently, we are of the opinion that the verdict of $10,000 rendered in this case is so grossly excessive as to shock the enlightened conscience of the Court, and the judgment should be affirmed and re-

manded for a new trial, unless, within ten days from this date, a remittitur of $3,500 is entered herein. If such remittitur is so entered, a judgment for the remaining amount in the sum of $6,500 will be entered.

Affirmed.

*McGehee, C. J.,* and *Arrington, Ethridge* and *Gillespie, JJ.,* concur.