Mississippi State Highway Commission *v.* Pepper, et al.

No. 43170          October 26, 1964          168 So. 2d 307

*Tate Thigpen, Grayson B. Keaton,* Picayune, for appellant.

*Williams & Williams*, Poplarville, for appellees.

758

Jones, J.

This is an eminent domain case which comes from Pearl River County. On the trial in the Special Court of Eminent Domain, the appellee was given a verdict for $12,000. On appeal to the circuit court, the verdict was $14,000. We affirm the case.

The appellee was the owner of approximately 187 acres of land situated in Section 6, Township 6 South, Range 16 West. It consisted of NW¼ of SE¼; NW¼ of NE¼; NE¼ of NW¼; SW¼ of NE¼, less about three acres in the form of a square in the northeast corner thereof; and a portion of the NW¼ of NW¼. The property was about three-fourths of a mile northeast of the City of Picayune and about five miles north of the government project hereinafter mentioned.

The Commissioner was condemning 10.08 acres extending in a northeasterly direction through the NE¼ of NW¼ for a non-access highway. There was a public road leading to the northwest corner of the land and thence along the north line thereof to the northeast

corner. Just west of the northeast corner a farm road ran in a southwesterly and southeasterly direction through the NW¼ of NE¼ and SW¼ of NE¼. There was also a road extending along the eastern boundary, or near the boundary, in a northerly and southerly direction, through the SW¼ of NE¼ and the NW¼ of SE¼. This road connected with a public road. There was a public road down the east side of the property, at least from the improvements south..

The lands taken for the non-access highway severed the road going east and west along the north side of the land, and left 27.58 acres on the west side of said highway with no direct access from the east portion of the property. On this 27.58 acres there was no water and no improvements.

The entire tract of land had been highly developed by clearing and the addition of minerals and the planting of Bahia and White Dutch Clover. It was considered an excellent cattle farm, for which purpose it was used by appellee, who was a graduate of Mississippi State College with a degree in agriculture and who had for many years managed large properties of others in Pearl River County as well as his own property. On the east side of his property there were situated two ponds and a residence; the entire property was enclosed by a fence. The severing of the land cutting off 27.58 acres on the west side would necessitate the construction of at least one-half mile of fences if the property were to be used for pasture purposes; but, without water, the 27.58 acres were practically useless.

To go from the east side of the property to the 27.58 acres on the west of the highway and return necessitated an eight-mile trip. In addition to Bahia and White Dutch grasses, there was Rescue grass and native grass. It was shown that the pasture was highly developed.

As is usual in these cases that come to this Court, there was a wide disparity between the valuations placed

by the witnesses for the Commission and those for the defendant. The Commission's witnesses valued the property before taking from $42,000 to $48,500; they estimated the damages from $3640 to $5500.

In 1961 announcement was made that the Federal Government would establish a project partly in Pearl River County that would require thousands of acres of land; that about 700 families would be forced to move and seek new homes; that there would be a great influx of people. As a result of this announcement, land prices in and around Picayune advanced greatly. This is not disputed. Most, if not all, the sales shown by witnesses for the Commission as comparable sales were made before this announcement.

Appellee valued his property before taking at $65,659 and his damages after taking at $18,441.90. Four other witnesses for the appellee valued the property before taking from $60,884 to $76,550, and the same four witnesses estimated the damages from $15,238 to $20,844. In addition to the testimony, the jury went upon the property and viewed it.

While the jury's verdict is more than twice the damages proven by the witnesses for the Commission, it is $4,441.90 less than the damages testified to by appellee, $6,844 less than the damages estimated by one of appellee's witnesses, and $1,238 less than the smallest estimate of damages testified by the appellee's witnesses.

In view of the facts hereinbefore stated, we are unable to say that this verdict is against the great weight of the evidence or that it is so excessive as to denote bias and prejudice. Cf. McDuffie v. Miss. State Highway Commission, 239 Miss. 518, 124 So. 2d 284; Miss. State Highway Commission v. Slade, 241 Miss. 721, 133 So. 2d 282.

It is argued that the testimony of witnesses for appellee should be excluded on the ground they sub-

mitted no recent sales of comparable property. Some of them claimed to testify to sales of comparable property, and at least one claimed there were no recent sales of comparable property. However, ''In condemnation proceedings, a wide latitude is allowed under the law as to values, and usually intelligent and experienced witnesses, having knowledge of property and the uses to which it may be put, and who can give their opinions as to valuations, may be selected. It is not necessary that there should be actual sales made in the particular locality where the condemnation is being had for values to be ascertained, but the judgment of people familiar with property and its value, and with the uses to which such property may be put, will fix such values.'' State Highway Commission v. Buchanan, 175 Miss. 157, 166 So. 537, 538.

The other assignments of error are not well taken and the case is affirmed.

Affirmed.

*Lee, C. J., and McElroy, Rodgers and Patterson, JJ.,* concur.