MISSISSIPPI STATE HIGHWAY COMMISSION *v.* HAINES, et al.

No. 43634          May 17, 1965          175 So. 2d 31

*J. O. Clark, Finch & Finch,* Iuka, for appellant.

*Smith & Smith,* Corinth, for appellees.

CROSS-APPEAL OF CROSS-APPELLANTS.

ETHRIDGE, J.

Appellant, Mississippi State Highway Commission, filed this eminent domain proceeding against appellees, John Byrd Haines and wife, seeking to condemn a right of way for the limited-access Natchez Trace Parkway through the farm owned by the Haines. An eminent

domain court found defendants' damages at $17,500. The commission appealed to the circuit court, where in a *de novo* hearing the jury awarded $16,000.

The first question, one of jurisdiction, is raised on the cross-appeal of the Haines, Mississippi Code Annotated section 2766 (1956) provides that an appeal from a special court of eminent domain to the circuit court must be taken "within twenty days after the rendition of the verdict. . . ." Cross-appellants contend that the commission did not take its appeal to the circuit court within the statutory period. The circuit court overruled their motion to dismiss the appeal. We cannot say that it was manifestly wrong in interpreting the testimony of appellant's attorney and his son and concluding that the notice of appeal was timely filed with the circuit clerk.

Appellees owned 147.03 acres of land, approximately five miles east of the Town of Tishomingo, in Tishomingo County. They owned this land for about twenty-one years, and in the past have farmed it themselves, but at the time of trial did not live on it, renting it to others. This farm land is in a rectangular shape, running east and west. On the west boundary is Bear Creek.

The right of way enters the tract of defendants just west of the center of his north line, and travels in a southwesterly direction to a point near the west side of the tract on its south boundary. The commission is taking 26.03 acres for the Natchez Trace Parkway. Twenty-four acres, upon which no improvements are situated, will remain on the west side of the right of way, bordered on the west by Bear Creek. Approximately 97 acres remain on the east side of the right of way. This is the main portion of the farm. There will be taken, within the right of way, a four-room frame tenant house with brick siding, and a 40-foot tiled well, a barn and a stock pond, together with a stock well. Within

the right of way are 17.03 acres of crop land, and 9 acres of pasture land.

The 24-acre tract on the west contains 10 acres of pasture land, two acres of timberland, and 12 acres of crop land. This west tract will not be available and accessible until a proposed access road is constructed by the United States National Park Service on the right of way of the Natchez Trace and the Park Service has turned it over to Tishomingo County for maintenance. The county has agreed to accept this access road, about one-half mile in length, after it has been constructed, and thereafter to maintain it as a county road. When these things are done, access from the east to west tract will be by an existing county road over the 97-acre tract in a southerly direction to its intersection with the proposed county road within the right of way, which will lead in a northerly direction to defendants' 24-acre tract on the west side of the right of way. The total distance required to be traveled from one tract to the other, at that time, will be three-fourths of a mile.

The federal cotton allotment on the farm is 42.02 acres. There are three patches of cotton, one 25 acres and two of 10 acres each. R. H. Burress, a real estate agent, testifying for the commission, gave a value before the taking of $18,000; after the taking, $10,225, with damages of $7,775. Haines, the owner, estimated a before taking value of $43,800; after, $25,985, with resulting damages of $17,815. H. L. Williams, an experienced real estate and business man, gave a before taking value of $52,529.50, and after, $35,094.70, with resulting damages of $17,434.80. These witnesses stated there were no comparable sales in the vicinity, although Williams said that he knew of some comparable property in other counties.

■■ ■ We have carefully reviewed the evidence, and related the pertinent facts to other similar eminent domain cases decided in recent years. Two juries passed on the damages, and we cannot say that the award of

$16,000 was so grossly excessive as to evince bias, passion and prejudice. Although generous, the award made here was consistent with and supported by the evidence. *Cf.* Miss. State Highway Comm'n v. Valentine, 239 Miss. 890, 124 So. 2d 690 (1960); McDuffie v. Miss. State Highway Comm'n, 239 Miss. 518, 124 So. 2d 284 (1960); Miss. State Highway Comm'n v. Pepper, 250 Miss. 755, 168 So. 2d 307 (Miss. 1964).

Affirmed.

*Lee, C. J., and Rodgers, Patterson and Inzer, JJ.,* concur.