MISSISSIPPI STATE HIGHWAY COMMISSION, PLAINTIFF-APPELLANT *v.* WAGLEY, DEFENDANT-APPELLEE

No. 43636          November 8, 1965          179 So. 2d 828

*Robert G. Nichols, Jr.,* Jackson, for appellant.

*Barnett, Montgomery, McClintock & Cunningham,* Jackson, for appellee.

PATTERSON, J.

This is an appeal from a judgment of the Circuit Court of the First Judicial District of Hinds County which affirmed a verdict of the County Court in the amount of $54,000 in favor of James Gary Wagley against the Mississippi State Highway Commission.

The only assignment of error argued on this appeal is that the verdict of the jury is so excessive as to shock the conscience of reasonable men and, therefore, was not based upon evidence, but rather on bias, prejudice or sympathy.

The appellee is the owner of 9.3 acres of residential land within the corporate limits of the city of Jackson. This property fronts on Terry Road for a distance of 182.2 feet and extends eastward 1262 feet. It is located approximately one-quarter of a mile south of the intersection of U. S. Highway 80 and Terry Road and just beyond Mart 51 shopping center and just north of Wagwood Subdivision. The Highway Department has condemned 4.5 acres of this tract upon which to locate access ramps off Terry Road to Interstate Highway

No. 55. There will be no access from defendant's remaining property to Terry Road and the ramp therefrom leading to the interstate highway. As a matter of fact, the only access to the remaining area will be by Angle Street near the southeast corner of the property. Terry Road and the ramp will be elevated above the normal level of the ground to heights varying from five to twenty-five feet on its western and northern borders, thus leaving the defendant's remaining property in an artificial depression.

The defendant introduced evidence of comparable sales in Wagwood Subdivision which is immediately south of the property in question. The sale of these lots, from July 1956 to May 1962, varied in price from $2500 to $4500 per lot and is fairly indicative of the value of the land presently in controversy.

The appraisers for the appellant valued the property before the taking at $82,600 and $86,450 and estimated the damages at $24,630 and $23,650. The appraisers and witnesses for the appellee valued the property before the taking at $135,000 and $132,400 and the damages at $92,610 and $97,400. The jury's verdict is in excess of the damages testified to by the witnesses for the Highway Commission. It is also less than the damages testified to by the witnesses for appellee. The jury, we assume, in view of the statutory requirements, viewed the property and had the benefit of this observation in arriving at their verdict.

In view of the facts hereinabove stated, we are unable to say that the verdict is against the great weight of the evidence or that it is so excessive as to denote bias and prejudice. See Mississippi State Highway Comm. v. Wear, 252 Miss. 516, 175 So. 2d 508 (1965); Mississippi State Highway Comm. v. Haines, 252 Miss. 433, 175 So. 2d 31 (1965); Mississippi State Highway Comm. v. Ramsey, 252 Miss. 366, 173 So. 2d 423 (1965);

and Mississippi State Highway Comm. v. Pepper, 250 Miss. 755, 168 So. 2d 307 (1964).

We are of the opinion there is no merit in the assignment of error and that the case should be affirmed.

Affirmed.

*Lee, C. J., and Rodgers, Brady and Inzer, JJ.,* concur.