■ Albert A. Wagner et al., Respondents-Appellants, v. State of New York, Appellant-Respondent (Claim No. 40917.) — Judgment affirmed, with costs to claimants. Memorandum: We are in agreement that appraisals given by real estate experts in appropriation cases should, when possible, be supported by scientific methods of valuation, and, when such methods are applicable to a subject piece of property, naked opinions of value not based upon a recognized method of appraisal are inadequate alone to justify an award. We recognize however, as we have in the past, that "there may be cases where there are no appropriate comparable sales, where the land is vacant and unproductive and there is no income to capitalize, where the actual purchase price and the assessed valuation may not furnish a true guide to value, where there have been no firm offers for the property and, thus, where the experience and expert knowledge of the appraisers may furnish the only criteria on which to base an opinion as to value." (*Yennock* v. *State of New York*, 23 A D 2d 809, 810.) In the present case the land taken was unimproved and unproductive and both sides agreed that there were no comparable sales in the area. However, there was ample evidence to support the finding of the trial court that the highest and best use of the land was residential, as zoned, and not waste land, as testified by the State's expert and which constituted the basis for his valuation. Having made that finding, the court had before it evidence of two sales of nearby properties for residential purposes which, although not true comparables, could by adjustment have led the court to reach the valuation which it placed upon the appropriated property. The fact the court viewed the premises assisted it in applying the evidence and determining what weight should be given to it (*Matter of City of New York* [*A. & W. Realty Corp.*], 1 N Y 2d 428). That the value arrived at by the trial court was not as testified to by either expert, and that it rejected valuations fixed by both experts, does not invalidate the award. "It is almost invariably the case that the value, and hence what compensation is found to be just, is not the figure claimed by either the claimant or the city and advanced by their respective experts. The court is not bound to choose between these figures and select one of them based on an evaluation of the capabilities or the character of the respective experts." (*Matter of City of New York* [*Maxwell*], 15 A D 2d 153, 161, affd. 12 N Y 2d 1086.) Upon the whole record, the court was justified in rejecting the appraisals of both experts, in finding that the highest and best use of the property was residential, and in arriving at a valuation, based upon such use, which was higher than the value set by the State but lower than that urged by claimants. All concur, except Bastow, J., who dissents and votes to reverse and grant a new trial in the following Memorandum: I would reverse the judgment and direct a new trial. There was no proof before the trial court upon which a proper

decision could be made. Claimants' expert (as he has done in many cases before this court) expressed opinions as to value of the realty but used none of the recognized methods of appraisal. He found the total damage to be $32,000. The State's expert was equally unimpressive. The State concedes that he had "limited familiarity with real estate" in the area. He found the total damage to be $890. Faced with this unrealistic proof from witnesses who were either inexperienced or refused, for undisclosed reasons, to present to the court more than an ipse dixit opinion, the trial court found the damage to be $9,550. This is a recurring situation where the trial court is placed in the dilemma of dismissing a claim for failure of proof or making a calculated guess as to the amount of damage. I conclude that it would have a salutary effect to direct a new trial so that both parties would be compelled to present proof that even to a limited extent conforms with recognized principles of appraisal of real property. (Appeal and cross appeal from judgment of Court of Claims for claimants on a claim for permanent appropriation of realty.) Present — Williams, P. J., Bastow, Henry, Del Vecchio and Marsh, JJ.