## ARK. STATE HIGHWAY COMM'N *v.*
### Louise F. TILLEY

5-5002                                              445 S. W. 2d 510

Opinion delivered October 13, 1969

Thomas B. Keys and James N. Dowell, for appellant.

Douglas Bradley, for appellee.

GEORGE ROSE SMITH, Justice. In this condemnation proceeding the jury awarded the appellee landowner $20,000 for the taking of 3.94 acres, which works out at about $5,075 an acre. It was stipulated that a highway department appraiser would testify that the land taken was worth $6,000 an acre. The condemnor nevertheless insists that the verdict is excessive, upon the theory that the construction of the new highway will benefit the landowner's remaining 23.29 acres in an amount exceeding the value of the 3.94 acres actually taken. That contention presents the sole question to be decided.

We hold that the testimony raised a question of fact for the jury. Mrs. Tilley's 27.23-acre tract, before the taking, was situated in what is described as a fine-home residential district. It was the site of her home, valued at from $25,000 to $31,300. The tract was already crossed by Highway 39. The taking is for a new controlled-access thoroughfare, referred to as the Highway 63 Bypass. After the new construction Mrs. Tilley's land will be divid-

ed into two parcels. Her home will be on the larger parcel, west of Highway 39. The smaller parcel, east of Highway 39, will consist of 8.44 acres and will have some access to an off-ramp from the new facility. The witnesses for the highway department testified that the 8.44-acre tract will be an ideal site for a filling station or a motel or both and that the enhancement in its value will exceed the value of the 3.94 acres being condemned. Those expert witnesses, without going into much detail with respect to comparability, cited marked enhancements of real estate values that had resulted from the construction of highway bypasses at or near Jonesboro (the vicinity of the land now in controversy), El Dorado, Fort Smith, Brinkley, and Forrest City.

That testimony was disputed by the landowner's two expert witnesses, both of whom were of the opinion that the new facility would not increase the value of Mrs. Tilley's remaining land. We are unable to agree with the appellant's insistence that the landowner's witnesses gave no reasonable basis for their conclusions. One of them believed that the neighborhood would continue to be residential in character, so that the smaller tract could not be given a commercial value. The other testified that the tract would not be a suitable site for a service station, owing to its limited access to the highway and also owing to its contours, which included elevations fifteen to twenty feet above the road. That witness also attached some weight to the irregular shape of the 8.44-acre parcel.

At the trial the witnesses for both sides pretty well agreed upon the value of the strip being taken by the highway department. The disputed question of fact was whether the new bypass would enhance the value of the rest of Mrs. Tilley's land. Upon that issue the substantial evidence was in such conflict that we are unable to say that there was no issue for the jury's determination. Hence the verdict is conclusive of the only question argued here.

Affirmed.