ARKANSAS STATE HIGHWAY COMMISSION *v.*
MAYBRINE G. SPURLOCK ET UX

5-5159                                                    449 S. W. 2d 958

Opinion delivered February 16, 1970

*Thomas Keys & Philip Gowen,* for appellant.

*Penix & Penix* and *Douglas Bradley,* for appellees.

GEORGE ROSE SMITH, Justice. In this condemnation proceeding the highway department is taking 16.56 acres of a 99-acre tract as a right-of-way for the Highway 63 Bypass at Jonesboro. For reversal it is argued that there is no substantial evidence to support the jury's verdict for $19,000.

Spurlock, the landowner, was unquestionably a qualified witness, having bought and sold land in the vicinity and having passed upon real estate loan appli· cations as a member of the board of a Federal Land Bank. Spurlock valued his tract at $200,000 before the taking and $167,000 afterwards, or a difference of $33,000. On cross-examination no serious effort was made to discredit Spurlock's testimony, counsel merely eliciting admissions that Spurlock had not considered any sales in arriving at his valuation and that he did not think that the new highway had enhanced the value of his property.

We cannot say that Spurlock's own testimony was not substantial evidence. In its argument the highway department does not stress Spurlock's · failure to consider comparable sales, for of course there are other methods of arriving at a reasonable valuation of property. See *Arkansas State Highway Comm'n* v. *Roberts,* 246 Ark. 1216, 441 S. W. 2nd 808 (1969). ).

The department argues instead that the testimony of its own expert witness, R. E. Shockley, shows con-

clusively that there will be an enhancement in value, even though both Spurlock and his expert witness stated that there will not be. We think that issue was for the jury. After the construction the new divided four-lane bypass will intersect Young Road at grade level. The remainder of the Spurlock tract will lie in the northeast corner of that intersection, abutting both highways. Shockley envisaged an enhancement of $6,395, principally because the three acres right at the intersection will be a valuable site for a commercial enterprise such as a restaurant, service station, or food store. Shockley mentioned instances of enhanced values at other newly created intersections.

The jury, however, may not have accepted Shockley's view of the situation, because there will be no ready access to the supposedly valuable commercial site at the intersection. In that vicinity both the bypass and Young Road will be controlled-access thoroughfares, protected by fences. The nearest turnoff from Young Road will be 400 feet north of the intersection. On the bypass, which is the main thoroughfare, the department's plans merely show a 50-foot opening for a turnoff for westbound traffic only at a point 1,295 feet east of the intersection. Any service roads from the turnoffs to the site at the intersection will have to be constructed by the landowner at his own expense. In view of those facts, which were established by Shockley's own testimony, the jury were justified in concluding that the enhanced values foreseen by Shockley will not actually be realized by the landowner. Hence we cannot say that the amount of the verdict is not supported by substantial proof. *Ark. State Highway Comm'n v. Tilley*, 247 Ark. 336, 445 S. W. 2d 510.

Affirmed.