ARKANSAS STATE HIGHWAY COMM'N *v.*
CECIL PRUITT & LOUISE PRUITT

5-5400                                        460 S. W. 2d 316

Opinion delivered December 14, 1971

*Thomas B. Keys, George O. Green & Hubert E. Graves,* for appellant.

*Charles A. Walls,* for appellees.

FRANK HOLT, Justice. In this condemnation proceeding the State acquired 21.79 acres of appellees' lands. This acquisition, which was needed in the relocation of a controlled access facility, bisected a 200-acre tract of appellees' lands. The landowners' witness, Doyle

Greer, estimated their damages at $29,000. Two expert witnesses for the landowners testified that damages amounted to $27,500 and $24,700 respectively. Value witnesses for the State estimated appellees' damages at $12,000, $11,350 and $10,850 respectively. The jury awarded $22,000 to the landowners.

On appeal appellant asserts for reversal that the trial court erred in overruling its motion to strike the testimony of Mr. Greer as to the value of the property before the taking because this witness testified "to the value of the property to him, or what he would give for it, rather than the fair market value" of the property; therefore, says appellant, he gave no substantial evidence to support his value testimony. We find no merit in these two contentions.

Appellant primarily relies for its position upon these extracts from Mr. Greer's testimony. On cross-examination:

"Q. Wasn't what you are testifying to what you would give for it, sir?

A. Yes, sir."

Then, on re-direct examination:

"Q. And your values were placed on there based on your experience buying and selling real estate in the area?

A. Yes, sir."

And again, on recross-examination:

"Q. What you are testifying to is what you would give for that land and what you yourself have given for it?

A. Yes, sir."

These quotations from Mr. Greer's testimony are, of

course, only a small portion thereof. It appears from Mr. Greer's lengthy testimony that he is the owner of lands which adjoin the appellees' lands; that for more than twenty years he has engaged in the buying and selling of real estate in this area; that at the time of the taking of appellees' lands Mr. Greer owned about 500 acres in separate tracts located in this area which is near the city of Cabot; that during the last ten years he has bought and sold more than 50 tracts of land in the Cabot area; and that his livelihood consists mainly of buying tracts or farms and subdividing them into smaller tracts, which activity included a tract that adjoins appellees' lands.

We are of the view that the trial court properly overruled appellant's motions to strike Mr. Greer's testimony. His answer on cross-examination as to what he would give for the land was an isolated part of his total testimony and only one factor bearing upon the basis of his before value of the property in question.

Mr. Greer demonstrated a familiarity with appellees' lands, its advantages and present and future uses, all of which were based upon a longstanding knowledge of the fair market value of this and other lands in this area. He was a competent witness. *Arkansas State Highway Comm.* v. *Holt,* 242 Ark. 287, 413 S. W. 2d 643 (1967).

In the circumstances, Mr. Greer's expression on cross-examination as to the value of the property to him, when construed with reference to his total testimony, goes only to the weight rather than to the admissibility of his testimony. Certainly it must be said that Mr. Greer's testimony as to the fair market value of the property before the taking constitutes substantial evidence.

Affirmed.