ARKANSAS STATE HIGHWAY COMMISSION *v.*
GLENN STEEN ET UX

5-6128                              489 S.W. 2d 781

Opinion delivered February 5, 1973

*Thomas B. Keys* and *James N. Dowell,* for appellant.

*J. D. Patterson, Roger V. Logan Jr.* and *W. Wade Berryhill,* for appellees.

JOHN A. FOGLEMAN, Justice. The Arkansas Highway Commission asserts that the judgment awarding the appellees $4,750 as compensation for the taking by eminent domain of 5.01 acres of land for construction on Highway 65 should be reversed because of the failure of the circuit judge to strike the testimony of one of the landowners and of a real estate broker who testified for appellees. Appellant also contends that the verdict is excessive and unsupported by substantial evidence. Since the alleged lack of substantial evidence is based upon the elimination of the testimony of these two witnesses, the questions pertaining to the striking of their testimony are the only ones presented. The motions to strike the testimony of each of these witnesses were based upon appellant's contention that neither had given a fair and reasonable basis for the value he placed upon the property. We find no reversible error in the denial of these motions.

Ray Wheeler, a Searcy County real estate broker for 26 years, was the only expert witness for appellees on the value of the five-acre tract. Wheeler testified that he had sold approximately 1700 tracts of real estate in the area for others and had dealt in land on his own account. Elaboration upon his qualifications is unnecessary because appellant admits that this witness appeared to be generally qualified in the field of real estate values and sufficiently familiar with market value in the area. Appellant argues, however, that Wheeler was not "well versed" as to the physical facts concerning the property taken and was unable to supply facts upon which to base his opinion.

Failure of Wheeler to consult the highway construction plans is the principal basis of appellant's assertion that Wheeler was not sufficiently familiar with the

physical aspects of the Steen land. Of course, the planned construction itself was not a significant factor because appellant took the entire tract owned by the Steens. Appellant seems to feel, however, that review of the plans would have better informed the witness as to the location of the right-of-way line with reference to the edge of a precipice, so that he could have stated more exactly what portion of the Steen tract was rendered valueless by reason of the precipice, and the width of an easement for a power transmission line. Wheeler characterized the tract as a single commercial tract because it was an unusual piece of property, attractive to tourist trade because of its location high on the "break" of a mountain, which afforded an unexcelled view for 35 miles in two directions. Wheeler accorded no significance to the fact that the terrain was such that a large part of the five acres was not suitable for building purposes because there was at least a quarter of an acre upon which a building could be erected and an adequate means of access thereto, even though an approach from the east or from the south would not be possible. According to Wheeler, the precipitous grade on the property tended to protect the usable three-quarters of an acre from encroachment and obstruction by potential neighbors. He knew of no other commercial site for seven miles in one direction and one and one-half miles in another. He had seen the stakes indicating appellant's right-of-way line and was aware of the transmission line across the property but was unable to state its width. He was aware of a road across the property but was certain that it was not a public road. There was no showing that the road was a public road or that it interfered with the use of the property. Even if the motion to strike were sufficient to reach asserted lack of familiarity, appellant has failed to demonstrate that Wheeler was unqualified from this standpoint. His lack of knowledge of details related primarily to portions of the tract he considered unusable except as a buffer to protect that portion to which he attributed the value he stated.

Appellant's remaining argument about Wheeler's testimony is that he was unable to support his opinion with comparable sales or real estate. His statement that the property taken had a value of $7,000 was based primarily upon his opinion that the land could be sold im-

mediately at that price. Wheeler stated that this was almost imperative where there had not been any sales of this type property. He testified that there had been none, to his knowledge, and that he doubted that anyone could come up with any such sale. He added that because of the unique nature of the property, there were no comparable sales in northwest Arkansas or southwest Missouri—an area over which he traveled considerably. He knew of no comparable place on Highway No. 65 within 50 miles of this property. Wheeler stated that he had received many inquiries about this particular spot. Appellant's value experts shared Wheeler's appraisal of the unique view from the Steen property but differed with him principally on the availability of the property for commercial use or for the erection of any building, because of its topography and the transmission line. Both of them said that the property only had value attributable to its worth to a neighboring owner for access and other such purposes. One of them based his valuation upon the market price per acre for rough, mountainous, idle timberland in the area. He found no comparable property from the standpoint of topography and location, even though he had participated in an extensive survey of all sales in Searcy County. This witness could not recall having seen any other property on Highway 65 in Searcy County with a scenic view even similar to that from the Steen property.

We have noted that there are various recognized approaches to evaluation of real estate, among which are sales, cost, income and use. *Arkansas State Highway Commission* v. *Roberts*, 246 Ark. 1216, 441 S.W. 2d 808. Real estate values stated by a qualified witness based on his experience in buying and selling real estate in the vicinity of the land have been held admissible and not subject to being stricken when his familiarity with the land, its advantages, present and potential uses and longstanding knowledge of the fair market value of the lands and other lands in the area are clearly demonstrated. See *Arkansas State Highway Commission* v. *Pruitt*, 249 Ark. 682, 460 S.W. 2d 316. It is not always necessary that the opinion of a qualified expert on real estate valuation be supported by comparable sales to be admissible or to constitute substantial evidence, at least where comparable sales are not to be found. *Common-*

*wealth* v. *Citizens Ice & Fuel Co.*, 365 S.W. 2d 113 (Ky. 1963); *Commonwealth, Dept. Highways* v. *Sellers*, 421 S.W. 2d 581 (Ky. 1967).[1] This is particularly so when the lands involved are unimproved and unproductive. *Wagner* v. *State*, 25 A.D.2d 814, 270 N.Y.S. 2d 128 (1966). Where there are no recent actual sales of comparable property in the particular locality, the true or intrinsic value for compensation purposes may be determined by the use of the expert opinions of those who have extensively bought and sold similar property for themselves and others and who are familiar with the property, its value and the uses to which it may be put. *Mississippi State Highway Commission* v. *Pepper*, 250 Miss. 755, 168 So. 2d 307 (1964); *State* v. *Givens*, 129 So. 2d 468 (Ct. App. La. 1961); *Commonwealth* v. *Citizens Ice & Fuel Co.*, supra. However, jury consideration of a naked opinion of value of an expert witness which is not based upon a recognized scientific method of appraisal should be approached with caution and permitted only in unusual cases.

As early as *Ft. Smith & Van Buren Bridge District* v. *Scott*, 103 Ark. 405, 147 S.W. 440, we clearly recognized that the trial court has a wide latitude of discretion in permitting estimates of value by witnesses who are familiar with the property and whose opinions are entitled to weight by reason of their knowledge of the subject or their business and experience, when confinement of the inquiry to those qualified to testify only by knowledge of sales of similar property for like purposes would, in effect, deny the landowner of the right to prove the true market value of his property. If Wheeler and Mrs. Steen are correct in their opinion as to the highest and best use of the property, the exclusion of Wheeler's testimony might well deprive the landowners of any evidence which tended to prove the market value of their property, because there is really no contradiction of Wheeler's testimony that there were no sales of lands comparable to the Steen property for the purposes for which he considered it adaptable. We find no abuse of the court's discretion in the denial of the motion to strike Wheeler's testimony.

---

[1]Cf. *Arkansas State Highway Commission* v. *Spurlock*, 248 Ark. 90, 449 S.W. 2d 958.

Appellant's argument as to the striking of Mrs. Steen's testimony is based largely upon the circuit judge's statement, in denying the motion, that the testimony would be admitted for what it was worth but that it would not sustain a judgment for an amount in excess of the qualified appraiser's estimate of value. We can only consider appellant's argument that Mrs. Steen's value testimony had no fair and reasonable basis, because its statement here that the judge's ruling was a comment on the evidence is not founded upon any objection in the trial court on that ground. Mrs. Steen was one of the landowners. She and her husband had owned the property since 1948. They lived in Searcy County. She was born and raised there. She demonstrated an adequate familiarity with the property, its location, characteristics and accessibility and expressed her opinion that its fair and reasonable market value was $10,000. On cross-examination she testified that she was familiar with the entire countryside and that there was no comparable property in the area. She based her opinion as to value upon her observation of sales while traveling and the unavailability of property like this at a price of $10,000. She had operated a restaurant in the community and had many inquiries about the property by persons who came in that place of business.

Much of what we have had to say about the failure to strike the Wheeler testimony has application to the testimony of the landowner. Considerable latitude of discretion has been allowed in admitting a landowner's opinion of the value of his property when he possesses a high degree of familiarity with the property. *Jonesboro L. C. & E. R. Co.* v. *Ashabranner,* 117 Ark. 317, 174 S.W. 548. When the landowner has sufficient knowledge and familiarity his opinion is to be stricken when it is unrelated to any fact in the record and is apparently plucked from the air and without any fair and reasonable basis. *Arkansas State Highway Commission* v. *Hammond,* 247 Ark. 683, 447 S.W. 2d 664. Where, however, the landowner is intimately acquainted with the land and conditions pertaining thereto and its highest and best use, his testimony is not to be stricken simply because it is not based upon comparable sales, or solely because of the owner's lack of knowledge of property

values. *Arkansas State Highway Commission* v. *Woody,* 248 Ark. 657, 453 S.W. 2d 45; *Arkansas State Highway Commission* v. *McDonald,* 250 Ark. 1011, 468 S.W. 2d 231; *Arkansas State Highway Commission* v. *McAlister,* 247 Ark. 757, 447 S.W. 2d 649; *Arkansas State Highway Commission* v. *Duff,* 246 Ark. 922, 440 S.W. 2d 563.

We cannot say that appellant demonstrated that there was no fair and reasonable basis for the owner's testimony or that the trial court erred in refusing to strike the landowner's testimony, in spite of the judge's statement more or less indicative of his probable action if the jury verdict exceeded the value given by the expert witness. We cannot say that any predisposition on the part of the trial judge about the limits he might ultimately impose on just compensation made his denial of the motion to strike erroneous insofar as the objection made by appellant is concerned.

The judgment is affirmed.