Matter of Rite Aid Corp. v Darling (2018 NY Slip Op 04252)





Matter of Rite Aid Corp. v Darling


2018 NY Slip Op 04252


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


1529 CA 17-01227

[*1]IN THE MATTER OF RITE AID CORPORATION, PETITIONER-APPELLANT,
v
RHONDA DARLING, ASSESSOR, AND BOARD OF ASSESSMENT REVIEW OF CITY OF CORNING, CITY OF CORNING, RESPONDENTS-RESPONDENTS, AND CORNING-PAINTED POST AREA SCHOOL DISTRICT, INTERVENOR-RESPONDENT. (PROCEEDING NOS. 1-6.) 






JACOBSON LAW FIRM, P.C., PITTSFORD (ROBERT L. JACOBSON OF COUNSEL), FOR PETITIONER-APPELLANT. 
BARLCAY DAMON, LLP, ROCHESTER (MICHAEL E. NICHOLSON OF COUNSEL), FOR RESPONDENTS-RESPONDENTS.


 Appeal from an order of the Supreme Court, Steuben County (Joseph W. Latham, A.J.), entered August 25, 2016 in proceedings pursuant to RPTL article 7. The order, among other things, granted in part the joint motion of respondent City of Corning and intervenor-respondent for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion of respondent City of Corning and intervenor-respondent in its entirety, vacating the first, and third through fifth ordering paragraphs, reinstating the petitions with respect to tax years beginning in 2009, 2010 and 2011, and reinstating the note of issue in each proceeding, and as modified the order is affirmed without costs.
Memorandum: Petitioner commenced these RPTL article 7 proceedings seeking review of the real property tax assessments for a commercial property located in respondent City of Corning (City) for the tax years 2009 through 2014. Following this Court's decisions in Matter of Rite Aid Corp. v Haywood (130 AD3d 1510 [4th Dept 2015], lv denied 26 NY3d 915 [2016], rearg denied 27 NY3d 976 [2016], cert denied — US &mdash, 137 S Ct 174 [2016]) and Matter of Rite Aid Corp. v Huseby ([appeal No. 2] 130 AD3d 1518 [4th Dept 2015], lv denied 26 NY3d 916 [2016], rearg denied 27 NY3d 977 [2016], cert denied — US &mdash, 137 S Ct 174 [2016]), the City and intervenor-respondent, Corning-Painted Post Area School District (respondents), jointly moved for summary judgment dismissing the petitions on the ground that Haywood and Huseby rendered the appraisal report and opinions of petitioner's expert unreliable and invalid as a matter of law. Petitioner cross-moved pursuant to 22 NYCRR 202.59 (h) for leave to amend its appraisal report. Supreme Court granted the motion in part, dismissed the petitions with respect to the 2009-2011 tax years, denied those parts of the cross motion seeking leave to amend the appraisal report for the 2009-2011 tax years, and granted those parts of the cross motion seeking leave to amend the appraisal report for the remaining tax years. The court also struck, sua sponte, the notes of issue in all six proceedings, deemed the proceedings for the 2009-2011 tax years to be abandoned pursuant to RPTL 718 (2) (d), and ordered that the proceedings for the 2012-2014 tax years be placed on the court's trial calendar after new notes of issue were filed no later than February 28, 2017. Petitioner appeals.
Initially, we agree with petitioner that the court erred in granting those parts of the motion seeking summary judgment dismissing the petitions with respect to the 2009-2011 tax years, and [*2]we therefore modify the order accordingly. Our decisions in Haywood and Huseby were rendered in an entirely different procedural context than that presented here. In both Haywood and Huseby, we conducted weight of the evidence review of verdicts rendered after nonjury trials, i.e., we considered whether the trial court " failed to give conflicting evidence the relative weight which it should have' " (People ex rel. MacCracken v Miller, 291 NY 55, 61 [1943] [emphasis omitted]), while giving due deference to the trial court's power to resolve credibility issues by choosing among conflicting expert opinions (see Matter of Brooks Drugs, Inc. v Board of Assessors of City of Schenectady, 51 AD3d 1094, 1095 [3d Dept 2008], lv denied 11 NY3d 710 [2008]). In both decisions, we concluded that the failure of petitioner's expert to utilize a recent sale of the subject property, as well as readily available comparable sales of national chain drugstore properties in the applicable submarket, and the contract rent as evidence of value, resulted in valuation conclusions of the expert's appraisal that were unreliable with respect to the weight, if any, to be given to those conclusions. We thus concluded in both Haywood and Huseby that the trial court's determinations to credit the appraisal of petitioner's expert over that of the respondents' expert were against the weight of the evidence. Here, however, the court was presented with a motion for summary judgment, and the issue before the court was therefore whether respondents made "a prima facie showing of entitlement to judgment as a matter of law, tendering evidence to demonstrate the absence of any material issues of fact" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Thus, there is a significant and dispositive difference between this case and the procedural context in Haywood and Huseby.
We further conclude that respondents failed to establish their entitlement to judgment as a matter of law (see generally Alvarez, 68 NY2d at 324). We agree with petitioner that the appraisal report prepared by its expert is not deficient as a matter of law inasmuch as it sets forth substantial evidence that the property was overvalued by the taxing authority to rebut the presumption of validity of the tax assessments in each proceeding (see generally Matter of Techniplex III v Town & Vil. of E. Rochester, 125 AD3d 1412, 1412-1413 [4th Dept 2015]). A primary objective of the exchange and filing of appraisal reports prior to trial is "to afford opposing counsel the opportunity to effectively prepare for cross-examination' " (Matter of Board of Mgrs. of French Oaks Condominium v Town of Amherst, 23 NY3d 168, 176 [2014]), and the appraisal of petitioner's expert serves that purpose. Moreover, "[d]eficiencies in an appraisal report may be cured by the expert's trial testimony" (Matter of Gibson v Gleason, 20 AD3d 623, 625 [3d Dept 2005], lv denied 5 NY3d 713 [2005]), and "the trial court enjoys broad discretion in that it can reject expert testimony and arrive at a determination of value that is either within the range of expert testimony or supported by other evidence and adequately explained by the court" (ARC Machining & Plating v Dimmick, 238 AD2d 849, 850 [3d Dept 1997]; see Wagner v State of New York, 25 AD2d 814, 814 [4th Dept 1966]).
In light of our determination that the court erred in granting those parts of the motion seeking summary judgment dismissing the petitions with respect to the 2009-2011 tax years, we conclude that there is no basis for striking the notes of issue in those proceedings. We further conclude that the court abused its discretion in sua sponte striking the notes of issue in the proceedings for the 2012-2014 tax years (see 22 NYCRR 202.21 [e]; see generally Marks v Morrison, 275 AD2d 1027, 1027 [4th Dept 2000]). We therefore further modify the order by reinstating the note of issue in each proceeding. As a result, we also conclude that the court erred in determining pursuant to RPTL 718 (2) (d) that the proceedings for the 2009-2011 tax years had been abandoned.
We reject petitioner's further contention that the court abused its discretion in denying its cross motion to amend its appraisal with respect to the 2009-2011 tax years pursuant to 22 NYCRR 202.59 (h).
Petitioner's remaining contentions are raised for the first time on appeal and thus are not properly before us (see Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]).
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court